# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, ) | |
|    Plaintiff, ) | Civil Action No. 7:23-cv-00160 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD CLARKE, et al., ) | Chief United States District Judge |
|    Defendants. ) | |

## DISMISSAL ORDER

David Meyers, a state inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against nineteen defendants, including three judges in the Western District of Virginia and the Clerk of Court. For the reasons set forth below, the case will be dismissed without prejudice.[*]

By order entered September 6, 2019, Senior United States District Judge Norman K. Moon entered a pre-filing injunction against Meyers. See Meyers v. Roanoke U.S. Att'y, No. 7:19-cv-00573, ECF No. 10 (W.D. Va. Sept. 6, 2019). The order contained requirements for future submissions from Meyers and explained what steps would be taken as to various types of documents. With respect to new complaints or petitions filed by Meyers, the order warned that any new complaint that did not comply with the requirements stated in the order would be "dismissed immediately, without further warning, as violating this order." Id. ¶ 5.

---

[*] The court notes that the mere fact that other judges in this district are named as defendants does not require the court to recuse itself. Meyers has not requested recusal, and he cannot obtain recusal merely by naming judges as defendants. See, e.g., United States v. Watford, 692 F. App'x 108, 110 n.1 (4th Cir. 2018) (affirming the denial of a recusal motion in a case in which the defendant had sued the presiding judge, and explaining that "a per se rule of disqualification would allow litigants to judge shop by filing suit against the presiding judge"); King v. Deputy Att'y Gen. Del., 616 F. App'x 491, 495 (3d Cir. 2015) (noting that judges need not always recuse when a fellow judge is somehow involved in the case). Moreover, there is no valid basis for recusal under 28 U.S.C. § 455.

The current complaint fails to satisfy several of the order's provisions. These include paragraph 3(b), which requires that Meyers state facts in numbered paragraphs; paragraph 3(c), which requires that he comply with the Federal Rules of Civil Procedure that govern the joinder of parties and claims; and paragraph 3(d), which requires that he state non-frivolous claims. Because the complaint does not comply with provisions of the order and pre-filing injunction issued against Meyers, it is hereby **ORDERED** that the complaint is **DISMISSED** without prejudice, and this case shall be **STRICKEN** from the court's active docket.

The Clerk is directed to send a copy of this order to Meyers.

It is so **ORDERED**.

Entered: April 6, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.04.06 14:40:37 -04'00'

Michael F. Urbanski
Chief United States District Judge